EBENEZER TISDALE *vs.* INHABITANTS OF NORTON.
EBENEZER TISDALE & wife *vs.* THE SAME.

An action against a town, on the Rev. Sts. *c.* 25, § 22, to recover damages for an injury received by reason of a defect or want of repair in a highway which the town is by law obliged to repair, cannot be maintained by a party who goes out of the highway, because of the defect therein, into the adjoining land, and there receives an injury.

THESE were actions on the Rev. Sts. *c.* 25, § 22, to recover double damages for injuries alleged to have been received, by

the plaintiffs, by reason of a defect in a highway which the defendants were by law obliged to repair.

At the trial before *Hubbard,* J. it was admitted by the defendants, that they were by law obliged to keep the said highway in repair ; and the plaintiffs, to support their actions, offered evidence to prove that, on the day mentioned in their declarations, they were riding, in a wagon, on said highway ; that, by reason of a freshet, which occurred about twelve days before, a gully had been made in the highway, about three and a half rods wide, which extended across the highway ; that the waters of a certain pond, mentioned in the plaintiffs' declarations, flowed through said gully at the depth of from ten to fifteen feet; that the plaintiffs, before coming to said gully, turned off from the highway into said pond, with intent to avoid said gully, and continue their journey; and that by reason of a hole in the bottom of the pond, about four rods distant from the highway, the plaintiffs' wagon was upset, and the plaintiffs were thrown into the pond.

This evidence was objected to by the defendants, but was admitted. And the judge ruled, for the purposes of the trial, that if the highway was impassable at the place, and for the reasons above named, and if, in avoiding the said defect, the plaintiffs used ordinary care and diligence, the actions might be maintained, although the injury was not received upon the high way. Verdicts were returned for the plaintiffs, which were to stand or be set aside, according to the opinion of the whole court as to the correctness of the said ruling.

*Eliot,* for the defendants. These are not cases for double damages, within the Rev. Sts. *c.* 25, § 22. The place in which the plaintiffs received the injury was not a "highway, town way, causeway, or bridge." The defect in the way was the remote, and not the proximate, cause of the injury ; and the proximate cause is alone to be regarded in actions like these. See *Adams* v. *Inhabitants of Carlisle,* 21 Pick. 146. *Howard* v. *Inhabitants of North Bridgewater,* 16 Pick. 190. An action is given to the person who receives an "injury, *by reason* of any defect or want of repair ; " that is, *in consequence* of any defect. Suppose the

33 *

plaintiffs had gone round the gully, by a cross road, and had received an injury on that road ; could they have maintained these actions for double damages ? When the plaintiffs left the limits of the highway, they took the risk of what might befall them, and the defendants are not liable to an action for damages sustained *extra viam.* If the plaintiffs had been drowned in the pond, could their executors or administrators have recovered of the defendants the fine of $1000, to which they are made liable by Rev. Sts. *c.* 25, § 21, " if the life of any person shall be lost, by reason of any defect or want of repair of any highway, town way, causeway or bridge ? " See *Libbey* v. *Inhabitants of Greenbush,* and *Reed* v. *Inhabitants of Belfast,* 2 Appleton, 50, 246.

*Coffin & Colby,* for the plaintiffs. The jury have found that the plaintiffs used ordinary care and diligence, and that the defendants had reasonable notice of the defect in the road ; and the authorities show that they were rightfully in the pond adjoining the highway. When a public way is impassable, travellers may lawfully pass over the adjacent land, though owned by individuals. 3 Dane Ab. 258, 259. *Taylor* v. *Whitehead,* 2 Doug. 745. *Bullard* v. *Harrison,* 4 M. & S. 387. It is not necessary that the injury should be received *in* the highway, in order to render the defendants liable. The words of the statute are that " if any person shall receive any injury in his person or property, *by reason* of any defect or want of repair." Suppose a town neglects to remove or tread down snow that incumbers a highway, and a traveller is upset and injured a few inches out of the highway ; is not the town liable to him in damages ? See *Cobb* v. *Inhabitants of Standish,* 2 Shepley, 198.

DEWEY, J. The liability of towns in cases like this, being wholly a statutory provision, is to be limited to cases falling within the statute. The injury for which a remedy is given is an injury occasioned by any defect or want of repair in any highway, town way, causeway or bridge. Rev. Sts. *c.* 25, § 22. Was the injury occasioned to the plaintiffs, as shown by the evidence, attributable to a defect or want of repair of a highway ? In one sense, as a remote cause, it may be said to be so, inas-

much as the defect in the highway was doubtless the occasion of the plaintiffs' attempting to travel, without the limits of the highway, over the adjacent lot. But the proximate, not the remote cause, is that which is referred to in the statute. The statute liability is confined to injuries occasioned by reason of defects in the highway. The actual cause of the injury sustained was the unexpected depth of the water in the pond without the limits of the highway, and over which pond the plaintiffs were passing when the injury was received. The path within the limits of the highway was so obviously impassable, that no one exercising ordinary prudence would have attempted to travel over it. The plaintiffs acted upon this hypothesis, and designedly turned from the highway, and entered upon the adjacent lot. They insist that, by reason of the impassable state of the travelled road, they might lawfully enter on the adjacent lot, and have cited various authorities to sustain the position, that where a highway is out of repair, the right devolves upon the traveller to pass over the adjacent grounds, doing no unnecessary damage. Whether this right is not peculiar to the cases of highways required by law to be maintained and kept in repair by the owners of such adjacent lands, and does not attach to public highways maintained at the public expense, might require further examination, if the issue of the present case depended upon that question. It seems to us, however, not to be material to the decision of the case before us. The right to enter upon such adjacent lot might well exist, so far as to protect the traveller from an action of trespass, and yet his entry might be at his own peril, as to the safety of the way in which he was passing over the adjacent lot. Nobody is under any legal obligation to keep in safe and convenient repair the way occupied over such adjacent lot. If the traveller elects to use it, because the highway is notoriously unsafe and dangerous, it is upon his own responsibility. Towns are bound to keep their nighways in repair, and if any injury is sustained through neglect of this duty, or failure to discharge it agreeably to law, they are responsible. But it is for an injury occurring within the limits of the highway. To extend the principle beyond this

would be to introduce a rule of great difficulty in its practical application.    To what extent may the traveller depart from the highway, in such case, and yet be travelling at the hazard of the town, if any injury occurs on his route, occasioned by the want of a suitable road in the direction he is travelling ?    Is the limit to be a few rods, or many ?    Is it to be a parallel route, or a circuitous one, leaving entirely the general course of the highway ?

Now, as it seems to us, in case one voluntarily leaves the highway, because it has become dangerous or impassable by reason of want of repair, and enters upon other lands, without the limits of the highway, he has no right to recur to the town for remuneration for any injury occurring to him on the new passage way of his own selection.    Due care and diligence are to be used to avoid danger, and if the traveller, with full knowledge that the road is out of repair, shall, with rashness, or, as it is sometimes called, foolhardiness, rush into danger, he is remediless.    Wherever, therefore, the road is notoriously a dangerous one, and unsafe for travelling, it becomes the duty of the traveller, upon being apprised of the actual state of things, whether this be indicated by a bar thrown across the road, or other equally effective mode of giving notice, to abandon the route, and make use of some other public way ; otherwise, he proceeds at his own peril.

If it be asked, what is the remedy where this notorious defect and want of repair in a highway are of long standing, and the town is guilty of culpable negligence in not repairing the same ; the answer is, that the statute remedy of proceeding by indictment must be resorted to.    It may not be entirely effectual or adequate to meet the case of an individual traveller, who has occasion to pass over the road, and who is deprived of the use of it for a particular occasion ; but it seems to be the remedy peculiarly adapted to the case of notorious defects of such character as to forbid the public generally from using such highway by reason of its being in want of repair, and in a state dangerous to the person and property of the traveller.

*Verdicts set aside.*